**Opinion filed July 8, 2021**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00354-CR & 11-19-00355-CR

_____

## THOMAS ELIJAH ATKINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause Nos. 25007 & 24281**

## MEMORANDUM OPINION ON REMAND

Appellant, Thomas Elijah Atkins, pleaded guilty to the offense of bail jumping and failure to appear and the offense of possession of a controlled substance (less than one gram of methamphetamine). Pursuant to the terms of the plea agreements, the trial court deferred a finding of guilt and placed Appellant on community supervision for three years in each case. In one of the cases—cause no. 24281—the trial court also assessed a fine of $2,000 when it deferred the adjudication of

Appellant's guilt. The State subsequently filed a motion to adjudicate Appellant's guilt in each case. The trial court held a contested hearing on the State's motions to adjudicate, found the State's allegations to be true, revoked Appellant's community supervision, and adjudicated Appellant guilty of the charged offenses. The trial court assessed Appellant's punishment in cause no. 25007 at imprisonment for two years and in cause no. 24281 at confinement in a state jail facility for eighteen months. We modify the trial court's judgments and affirm the judgments as modified.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that these appeals are frivolous and without merit. In each cause, counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit. The State presented evidence in support of the allegations in the motions to adjudicate. In that regard, we note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Further, absent a void judgment, issues relating to an

2

original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based on our review of the records, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgments contain nonreversible errors. First, in cause no. 24281, there is a variation between the oral pronouncement of sentence and the written judgment of adjudication. The written judgment includes "Court Costs" of $2,984.64; the clerk's bill of cost indicates that $2,000 of that amount constitutes a fine rather than court costs. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication).

Second, in both judgments, the trial court ordered Appellant to pay court costs that included a time payment fee of $25. In light of the recent opinion of the Court of Criminal Appeals in *Dulin*, we conclude that the time payment fee must be struck in its entirety as prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 133 & n.29 (Tex. Crim. App. 2021). When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

Accordingly, we modify the trial court's judgment and the bill of cost to delete the time payment fee of $25, without prejudice to a time payment fee being assessed later "if, more than 30 days after the issuance of the appellate mandate, [Appellant] has failed to completely pay any fine, court costs, or restitution that he owes." *See Dulin*, 620 S.W.3d at 133.

We grant counsel's motions to withdraw; modify the judgment of the trial court in cause no. 24281 to delete the $2,000 fine and the $25 time payment fee; modify the judgment of the trial court in cause no. 25007 to delete the $25 time payment fee; and, as modified, affirm the judgments of the trial court.

PER CURIAM

July 8, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[2]

Bailey, C.J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.